IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-259-CR





STEVEN L. SOUTHALL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 39,796, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING



 





PER CURIAM

 The district court found appellant guilty of possessing less than twenty-eight grams
of cocaine, a controlled substance. Tex. Health & Safety Code Ann. § 481.115 (West 1992). The
court assessed punishment at imprisonment for twenty years.

 The record reflects that, with the consent of the prosecutor, appellant admitted his
guilt in a pending misdemeanor possession of marihuana case and requested that it be taken into
account by the court in determining sentence. Tex. Penal Code Ann. § 12.45 (West 1974 &
Supp. 1992). The court granted this request. In his only point of error, appellant complains that
the district court did not render an order barring future prosecution of the misdemeanor offense.

 Prosecution of the misdemeanor offense is barred by § 12.45(c), and no formal
order by the district court is required. So that the record can be absolutely clear on this point,
the judgment of conviction in this cause is reformed to reflect that cause number 2C90-95,306,
in the County Court at Law Number 2, Bell County, Texas, State v. Steven L. Southall,
possession of under two ounces of marihuana, was taken into account in determining punishment. 
The point of error is in all other respects overruled.

 As reformed, the judgment of conviction is affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Reformed and, as Reformed, Affirmed

Filed: November 18, 1992

[Do Not Publish]